**FRANK J. RAGEN** Calif. Bar No. 054378
105 West "F" Street, Suite 215
San Diego, California 92101
Telephone No. (619) 231-4330
Facsimile No. (619) 239-0056
Email: fjragen@aol.com

Specially appearing for Defendant,
**EDWARD P. RYAN**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA
### (Honorable Dana M. Sabraw)

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 08-CV-0625-DMS (LSP) |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT** |
| vs. | |
| MICHAEL T. UBERUAGA, EDWARD P. RYAN, PATRICIA FRAZIER, TERESA A. WEBSTER, and MARY E. VATTIMO, | |
| Defendants. | |

## I.

## INTRODUCTION

On April 7, 2008, the Securities and Exchange Commission (hereinafter "SEC") filed a Complaint for violations of the Federal Securities Laws against five (5) individuals who worked for the City of San Diego during the years 2002 and 2003.

The Complaint alleges violations of section 17(a) of the Securities Act of 1933 and secondly, under section 10(b) of the Securities Act of 1934 and Rule 10b-5 thereunder. The Complaint relates to five (5) bond offerings during 2002 and 2003 by the City of San Diego.

ED RYAN was the Auditor and Comptroller for the City of San Diego from 1982 until February 2004. The City Auditor and Comptroller's responsibilities are set forth in section 39 of the San Diego City Charter. Section 39 provides:

> "The City Auditor and Comptroller shall be elected by the Council for an indefinite term and shall serve until his successor is elected and qualified. The City Auditor and Comptroller shall be the chief fiscal officer of the City. He shall exercise supervision over all accounts, and accounts shall be kept showing the financial transactions of all Departments of the City upon forms prescribed by him and approved by the City Manager and the Council. He shall submit to the City Manager and to the Council at least monthly a summary statement of revenues and expenses for the preceding accounting period, detailed as to appropriations and funds in such manner as to show the exact financial condition of the City and of each Department, Division and office thereof. No contract, agreement, or other obligation for the expenditure of public funds shall be entered into by any officer of the City and no such contract shall be valid unless the Auditor and Comptroller shall certify in writing that there has been made an appropriation to cover the expenditure and that there remains a sufficient balance to meet the demand thereof. He shall perform the duties imposed upon City Auditors and Comptrollers by the laws of the State of California, and such other duties as may be imposed upon him by ordinances of the Council, but nothing shall prevent the Council from transferring to other officers matters in charge of the City Auditor and Comptroller which do not relate directly to the finances of the City. He shall prepare and submit to the City Manager such information as shall be required by the City Manager for the preparation of an annual budget. He shall appoint his subordinates subject to the Civil Service provisions of this Charter."

(*Amendment voted 06-04-1974; effective 08-13-1974*)

As a part of the City Auditor and Comptroller's responsibility a Comprehensive Annual Financial Report (CAFR) was prepared as of the end of the fiscal year. The fiscal year for 2001 ended in June 2001 and the fiscal year 2002 ended in June 2002. The report was normally complete in November of the next fiscal year. The information contained within the annual report was effective as of the end of the prior fiscal year.

## II.

## ALLEGATIONS RELATED TO THE AUDITOR'S OFFICE

In paragraph 27 of the Complaint the SEC alleges "The 2002 offering documents included the City's fiscal year 2001 audited financial statements as appendix B, prepared by the auditor's office and the City's outside auditor. The 2003 offering documents included the City's fiscal year 2002 audited financial statements as appendix B, prepared by the auditor's office and the City's outside auditor. Information regarding the City's pension and

- 2 -

08CV0625

1  retiree healthcare obligations was provided in both appendices A and B in each of the
2  offerings."

3  The City's Annual Financial Report was prepared using the accounting rules set forth
4  in the Governmental Accounting Standards Board Rules (GASB). The City's Annual
5  Financial Report prepared according to GASB was not prepared for the Securities and
6  Exchange Commission but for the City of San Diego. There was no requirement in GASB
7  which requires the City's Annual Financial Report to predict the future. Especially when that
8  future is as speculative as to how the stock market investments will perform or health care
9  costs.

10  Disclosures in appendix B which the Complaint alleges were false and misleading are
11  contained in paragraph 32. The primary allegation in paragraph 32 relating to disclosures in
12  appendix B is that there is a failure to provide complete information as the SEC believes
13  necessary for a bond offering. The alleged missing information is immaterial. Mr. RYAN
14  joins in Points and Authorities of Mary Vattimo, Teresa Webster and Michael Uberuaga.

15  Thomas J. Saiz, a Certified Public Accountant, and his accountancy corporation,
16  Calderon, Jaham & Osborne, pursuant to contract were the independent auditors for the City
17  of San Diego for fiscal years ending June 30, 2001 and 2002. They were responsible for the
18  footnotes in the CAFR.

### III.
### RULE 12(b)(6)

21  A motion to dismiss under 12(b)(6) of the Federal Rules of Civil Procedure challenges
22  the legal sufficiency of a claim. A complaint is properly dismissed when it (1) lacks a
23  cognizable legal theory for recover; or (2) where the plaintiff alleges insufficient facts to
24  support a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,
25  534 (9th Cir. 1984).

26  The allegations in this Complaint are inadequate, the complained of nondisclosures
27  are immaterial, the conduct of Mr. RYAN is covered by legislative and official immunity and
28  the statues of limitations prohibits any punitive sanction.

## IV.

## THE BONDS

The SEC alleges false and misleading disclosure with respect to five (5) municipal bonds. Two (2) of these bonds are Tax Anticipation Notes Series A, issued in July 2002 for $93,200,000.00; and the second Tax Anticipation Notes Series A was issued in July 2003 in the amount of $110,900,000.00.

These Tax Anticipation Note bonds are secured by the property taxes the City will receive within the next year. The length of the bond is one (1) year. Each of these bonds has long ago been repaid. The information alleged to be missing is immaterial as a matter of law to the issue of these TANs bonds.

The remaining bonds are: (1) $25,070,000.00 Public Facilities Financing Authority of the City of San Diego Lease Revenue Bond Series 2002B (Fire and Safety Project) (June 2002); (2) $15,255,000.00 City of San Diego/Metropolitan Transit Board Authority 2003 Lease Revenue Refunding Bond (San Diego Old Town Light Rail Transit Extension Refunding) (April 2003); (3) $17,425,000.00 City of San Diego 2003 Certificates of Participation (1993 Balboa Park/Mission Bay Park Refunding) (May 2003). These bonds were insured. As a matter of law the information alleged to be missing, in paragraph 32, of the Complaint is immaterial.

The Court is requested to take Judicial Notice of Ordinance number O-19054, adopted on April 29, 2002; Resolution number R-296500, adopted on May 14, 2002; Resolution number R-297692, adopted on March 3, 2003; Resolution number R-297693, adopted on March 3, 2003; and Resolution number R-297969, adopted on May 20, 2003. We join in Mr. Uberuaga's Request for Judicial Notice.

## V.

## ED RYAN'S ROLE

The SEC in paragraph 37 of the Complaint, alleges ED RYAN signed the City's fiscal year 2001 and fiscal year 2002 Comprehensive Annual Financial Reports, representing that "[a]ll disclosures necessary to enable the reader to gain an understanding

of the City's and its related agency's, financial activities have been included." RYAN was also one of the signatories to the management representation letters to the outside auditor in fiscal year 2001 and 2002 in which he confirmed he was responsible for the City's financial statements and that the financial statements fairly represented the City's financial position. RYAN was reckless in failing to insure that these representations were true."

## VI.
## LEGISLATIVE IMMUNITY

Counsel for Mr. Uberuaga has written extensively in his Points and Authorities regarding Legislative Immunity. ED RYAN joins in those Points and Authorities as if set forth herein. ED RYAN was the Comptroller and Auditor for the City of San Diego. The use of the Comprehensive Annual Financial Report signed by ED RYAN as an exhibit was part of the legislative process necessary to accomplish the sale of the bonds. As such, Mr. RYAN is entitled to legislative and official immunity for his acts. The signing of the Comprehensive Annual Financial Report and the management representation letters to the outside auditor in fiscal years 2001 and 2002 was accomplished in his capacity as the San Diego City Auditor and Comptroller. The use of that document by the City Manager in order to accomplish the legislative goal of funding through the issuance of bonds is entitled to the same protection by way of legislative immunity as is the City Manager. *Tenney v. Brandhove*, 341 U.S. 367 (1951); *Bogan v. Scott-Harris*, 523 U.S. 44 (1998).

## VII.
## THE ALLEGED OMISSIONS ARE NOT REQUIRED OR MATERIAL

In paragraph 32 of the Complaint sections (b) - (g), all address the failure to disclose information. The preparation of the Comprehensive Annual Financial Report was in compliance with GASB, the Governmental Accounting Standards Board, which supplies the generally acceptable accounting principals for state and local governments. The information which the SEC complains is not disclosed is not required by GASB to be

disclosed.  See GASB 45.  Every City Auditor and Comptroller uses the Governmental Accounting Standards Board and Generally Acceptable Accounting Principals as the play book as to how a City's Comprehensive Annual Financial Report must be completed.  In order to ensure objectivity the footnotes were accomplished by the outside auditor who was also the auditor for CERS.  This is the individual who by contract was responsible for the footnotes which the Complaint complains were deficient.  The CAFR footnotes refer the reader to the SDCERS CAFR which contains more information on pension matters.

It is noteworthy, the Complaint does not mention the downturn in the economy which began at the end of year 2000 and continued for three (3) consecutive years.  Every employees retirement fund throughout the United States was down throughout those years.

The undisclosed items which the Complaint alleges violated section 17(b) and Rule 10b-5 were the result of the Manager's Proposal 1 and Manager's Proposal 2, as well as, the downturn in the stock market.  Each of these items were in the public domain and received wide spread publicity.  As such, the failure to disclose these items was not material.  *In re Apple Computer Sec. Litigation*, 886 F.2d 1109 (9th Cir. 1989).

The SEC did not require or even ask GASB to include a provision which would ensure full disclosure of a decrease in pension fund assets or speculation as to what an obligation might be years into the future.  Nor did the SEC provide any guidance to the City of San Diego and its staff as to what disclosure was necessary.  This lack of training or guidance by the SEC combined with the full compliance with GASB demonstrates the non-reckless behavior of ED RYAN.  Scienter cannot be established.

### VIII.
### IT WAS NOT THE RESPONSIBILITY OF THE AUDITOR AND COMPTROLLER's OFFICE TO DISCLOSE THE ALLEGED NONDISCLOSURES CONTAINED WITHIN ¶ 31

The City Auditor's Office's obligation was to comply with GASB in its completion of the Comprehensive Annual Financial Report, that it did.  The CAFR has many uses other than being an attachment to a bond offering.  Compliance with GASB is designed to ensure

the CAFR contains all disclosures necessary to enable the reader to get an understanding of the City's and its related agencies, financial activities.  The Auditor's Office complied with all GASB standards and San Diego received numerous awards from GFOA for its financial statement presentation.  The City's CAFR cross-referenced the SDCERS CAFRs, which provided greater detail on the pension system.  There is no allegation the auditors of the San Diego CAFR who were also the auditors of the SDCERS CAFR were supplied false information.  The San Diego Auditor's Office during 2002 and 2003 employed approximately sixty (60) individuals with accounting responsibilities.

## IX.

### THE LACK OF AN INDUSTRY STANDARD FOR MUNICIPAL OFFICIALS BEYOND GASB

The City of San Diego and its officials complied with the advice of the outside auditor who was also the outside auditor for SDCERS, bond counsel, Paul Webber, and the City Attorney's Office.  The City Attorney, Casey Gwinn, by Kelly J. Salt, Deputy City Attorney, signed off on all bond offerings "To my knowledge, the information contained in the official statement concerning the City, including in the appendices thereto, is true and correct in all material respects and does not contain any untrue statement of a material fact or omit state immaterial fact required to be stated therein or necessary to make the statements therein, in light of the circumstances under which they were made, not misleading."  The statement of the City Attorney covers the entire official statement.

## X.

### THERE WAS NO SCHEME TO DEFRAUD

Rule 10b-5 prohibits "schemes" and "artifices" to defraud as well as any other act or practice that would defraud another person.  See, 17 C.F.R. section 240.  A person may be liable for a fraudulent scheme if he or she has "engaged in conduct that has the principle purpose and effect of creating a false appearance of fact in furtherance of the scheme." *Simpson v. AOL Time Warner, Inc.*, 452 F.3d 1040, 1048 (9th Cir. 2006).  "[i]t is not enough that a transaction in which a defendant was involved had a deceptive purpose and effect; the

1  defendant's own conduct contributing to the transaction or overall scheme must have had a
2  deceptive purpose and effect." *Id*. To be responsible under 10b-5 an individual must be
3  personally involved in a fraudulent scheme with a deceptive purpose. *Id*. Here the
4  Complaint does not allege personal involvement of ED RYAN in any scheme or artifice to
5  defraud. The CAFR was signed long before it was attached as an exhibit to a bond offering.

## XI.

### 28 U.S.C. § 2462 PRECLUDES THE RELIEF REQUESTED BY THIS ACTION FOR ACTS PRIOR TO APRIL 7, 2003

28 U.S.C. § 2462 imposes a five (5) year statute of limitations when the SEC is seeking punishment including censure and suspension. *Johnson v. SEC*, 87 F.3d 484 (D.C. Cir. 1996).

The conduct complained of here, the signing of the 2001 CAFR in November 2001 and the 2002 CAFR in November 2002, occurred prior to April 7, 2003, as such the conduct cannot be the basis for this Complaint which requests punishment.

Similarly the letters to the outside auditors were each written in October 2001 and October 2002.

There is no allegation within the Complaint ED RYAN did anything within the statute of limitations set forth in 28 U.S.C. § 2462.

The relief requested is punitive since these events took place over five (5) years ago, Mr. RYAN is no longer with the City or a practicing accountant. *Id*.

///
///
///
///
///
///
///
///

# XII.

## **CONCLUSION**

For the reasons set forth herein, as well as in the co-defendants Motions to Dismiss with their Points and Authorities of co-counsel, it is respectfully requested the Court dismiss the Complaint with prejudice.

Respectfully submitted,

Dated: September 8, 2008       s/Frank J. Ragen
                               FRANK J. RAGEN
                               Specially appearing for Defendant
                               EDWARD P. RYAN
                               Email: fjragen@aol.com